**NOT FOR PUBLICATION**

**FILED**

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR RAMIREZ-JASSO, | No. 17-72065 |
| Petitioner, | Agency No. A201-222-702 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Oscar Ramirez-Jasso, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for withholding of

removal, relief under the Convention Against Torture ("CAT"), and cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Ramirez-Jasso does not contend that the BIA erred in its determination that he waived any challenge to the IJ's denial of cancellation of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Ramirez-Jasso also does not challenge the agency's denial of CAT relief. *See id.* Thus, we deny the petition for review as to cancellation of removal and relief under CAT.

As to withholding of removal, Ramirez-Jasso does not challenge the agency's determination that his returnee-based social group was not cognizable. *See id.* Substantial evidence supports the agency's determination that Ramirez-Jasso failed to demonstrate that the harm he fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group"). The record does not support Ramirez-Jasso's contentions that the BIA failed to

2                                                          17-72065

consider evidence or otherwise erred in its analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record). Thus, Ramirez-Jasso's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**